PATRICK J. LUCEY, Governor of Wisconsin *Page 90 
You advise that Assembly Bill 131, which provides for lowering the minimum voting age in Wisconsin for state and local elections from 21 to 18 years of age, effective upon approval by the people at the November, 1972, general election, has passed both houses of the legislature and presently awaits your signature. The apparent purpose of this bill was to expand the Wisconsin electorate so that these young citizens, newly enfranchised for national election purposes by the Federal Voting Rights Act Amendments of 1970, could also vote in state and local elections. Shortly after passage of this bill, however, the Twenty-Sixth
Amendment to the United States Constitution was adopted. Section 1 of the amendment provides as follows:
"SECTION 1. The right of citizens of the United States, who are eighteen years of age or older to vote shall not be denied or abridged by the United States or by any State on account of age."
By virtue of this amendment, 18-, 19- and 20-year-old citizens, who are otherwise qualified to vote, are entitled to exercise their right to vote in all future elections, whether they be federal, state or local.
While you recognize it is appropriate and advantageous to clarify the statutory provisions on voting age so that they will be consistent with the recent change to the Federal Constitution, you express concern that the referendum provided for in Assembly Bill 131 would involve considerable expense which now would appear unnecessary in light of the Twenty-Sixth Amendment. I concur with you in this regard. You further advise that the Secretary of State's office has indicated that he will abide by an opinion from my office "indicating that no referendum was necessary under the statutory change." Therefore, you request my opinion as to whether the statewide referendum called for by Assembly Bill 131 would necessarily be held if the bill were to be signed into law.
Section 3 of Assembly Bill 131 provides, in part, as follows:
"The question of whether this act shall take effect shall be submitted to a vote of the people of this state, in the manner provided by law for the submission of an amendment to the constitution, at the general election to be held in November 1972. *Page 91 
If approved by a majority of all the votes cast, it shall take effect after such approval by the people; otherwise, it shall be of no effect. . . ."
The bill quite clearly is an exercise of the power expressly conferred upon the legislature by Art. III, sec. 1, Wis. Const., which presently provides:
"Section 1. Every person, of the age of twenty-one years or upwards, belonging to either of the following classes, who shall have resided in the state for one year next preceding any election, and in the election district where he offers to vote such time as may be prescribed by the legislature, not exceeding thirty days, shall be deemed a qualified elector at such election:
"(1) Citizens of the United States.
"(2) Persons of Indian blood, who have once been declared by law of congress to be citizens of the United States, any subsequent law of congress to the contrary notwithstanding.
"(3) The legislature may at any time extend, by law the rightof suffrage to persons not herein enumerated; but no such lawshall be in force until the same shall have been submitted to avote of the people at a general election, and approved by amajority of all the votes cast on that question at such election; and provided further, that the legislature may provide for the registration of electors, and prescribe propel rules and regulations therefor." (Emphasis added)
In my opinion, your approval of Assembly Bill 131 would have the legal effect of requiring its submission to a vote of the people of this state. Section 10.06 (1) (i) and (j), Stats., provides, in part, that:
"(i). . . no later than the 4th Tuesday in September, the secretary of state shall send . . . a type C notice certifying any referenda questions to each county clerk for the general election.
"(j). . . Whenever referenda questions are to be voted on, this secretary of state also shall publish one type C notice on this date (the 3rd Tuesday preceding the general election)." (Emphasis added) *Page 92 
Once Assembly Bill 131 becomes law, the Secretary of State is duty bound to comply with the legislative directive therein and submit the act to a vote of the people. He is a mere ministerial officer, possessing no judicial powers, West Park Realty Co. v.Porth (1927), 192 Wis. 307, 312, 212 N.W. 651, and he is not free to exercise discretion in this matter independent of the will of the legislature. As stated in State ex rel. Martin v. Zimmerman
(1939), 233 Wis. 16, 288 N.W. 454, at pp. 20-21:
"The constitution prescribes and defines the powers of the legislative and executive departments of the government, and all officers in the discharge of their functions are under an obligation to comply with its requirements. . . .
". . . If one ministerial officer or one officer in the performance of a ministerial duty may constitute himself a tribunal to pass upon the acts of other officers, such power might be assumed by all officers and the governmental process would be brought to a halt."
Furthermore, although Assembly Bill 131 is complete in itself, and your approval of the bill would make it law, it is also evident that said law could only become operative to amend the various statutes referred to in secs. 1 and 2 of the bill on the happening of the very event you would seek to avoid, i.e., a referendum at the November, 1972, general election.
Although the election statutes cannot be amended in the manner you propose, i.e., by Assembly Bill 131, without the required referendum, I do not wish to imply that such statutes may not now be amended, so as to reflect the 18-year-old franchise, through the normal legislative process and without the need for a referendum. For example, although the franchise was extended to women in 1920, upon ratification of the Nineteenth Amendment to the United States Constitution by the requisite number of states, among them, the state of Wisconsin, it was not until 1934 that the Wisconsin Constitution was amended to delete the reference therein which described an elector as being male. Immediately following the adoption of the federal constitutional amendment, however, the various Wisconsin election statutes, which reflected the distinction between men and women in reference to the exercise of the franchise, were either repealed or *Page 93 
amended by ch. 15, Laws of 1921, without referendum, so as to eliminate any such distinction. I am not aware of any reason why the legislature could not now proceed in like manner to amend the current election statutes, without referendum, so as to make said statutes conform with the Twenty-Sixth Amendment to the United States Constitution.
RWW:JCM